## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

|  |  |
|---|---|
| **The State of Missouri and the State of Louisiana,** | |
| *Plaintiffs*, | |
| v. | Civil Action No. 22-cv-1213 |
| **President Joseph R. Biden, Jr., in his official capacity as President of the United States of America, *et al.,*** | |
| *Defendants*. | |

### DEFENDANTS' OBJECTIONS AND RESPONSES TO PLAINTIFFS' FIRST SET OF EXPEDITED PRELIMINARY-INJUNCTION RELATED INTERROGATORIES TO ROBERT FLAHERTY

Pursuant to Federal Rules of Civil Procedure 26 and 33 and the Local Rules of the U.S. District Court for the Western District of Louisiana, Defendants, by and through counsel, provide the following objections and responses to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Interrogatories to Rob Flaherty ("Plaintiffs' First PI Interrogatories to Flaherty" or "Flaherty Interrogatories") served on December 12, 2022 on Defendants through counsel, after the Court in its Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Defendants' objections and responses herein are based on information known to Mr. Flaherty at this time and are made without prejudice to additional objections or responses should Defendants subsequently identify additional grounds for objection or additional responsive information. The objections have been formulated in contemplation of Federal Rule of Civil

Procedure 26(b)(1), which generally permits discovery of matters not privileged that may be relevant to the claims or defenses in a civil action. In presenting the objections and responses herein, Defendants do not waive any further objection in pretrial motions practice or at trial as to the admissibility of evidence on the grounds of relevance, materiality, privilege, competency, or any other appropriate ground.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1.     Defendants object to the definitions of "Content Modulation," and the related term "Misinformation," including to the extent that Plaintiffs' definition of "Content Modulation" covers actions by Social Media Companies *beyond* those taken against content containing Misinformation and against users posting content containing Misinformation (such as actions taken as to any post on "efficacy of COVID-19 restrictions" or on "security of voting by mail"). For purposes of these Responses and Objections, Defendants generally define "Misinformation" in a manner consistent with Plaintiffs' definition of that term: "any form of speech . . . considered to be potentially or actually incorrect, mistaken, false, misleading, lacking proper context, disfavored, having the tendency to deceive or mislead . . . including but not limited to any content or speech considered by any federal official or employee or Social-Media Platform to be 'misinformation,' 'disinformation,' 'malinformation,' 'MDM,' 'misinfo,' 'disinfo,' or 'malinfo.'" *See* Interrogatories, Definition P.

2.     Defendants object to the definitions of CDC, CISA, DHS, HHS, NIAID, and White House Communications Team to the extent those definitions include "any . . . agent," "contractors" and "any subordinate agency or entity" of those agencies on the ground that those definitions are overbroad, may render Plaintiffs' interrogatories vague and ambiguous, and may include persons and entities that are not under the supervision or control of any Defendant,

including Mr. Flaherty. Defendants also object to the definition of "White House Communications Team" for the additional reason that such a definition is not proportional to the needs of the case, particularly in light of the expedited nature of the discovery now ongoing, to the extent Plaintiffs seek information beyond the possession of Mr. Flaherty.

3.      Defendants object to the definition of "communication" to the extent it is meant to cover anything beyond e-mail exchanges, as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery now ongoing.

4.      Defendants object to the definition of "document" to the extent it includes "documents retained on personal devices and/or in personal e-mail accounts or other personal accounts." Documents found on personal devices or within electronic personal accounts would not be in the custody or control of any Defendant, and performing a full and comprehensive search for potentially responsive information on Mr. Flaherty's personal devices would be unduly burdensome.

5.      Defendants object to the definition of "Federal Official" as overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in its Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

6.      Defendants object to the definition of "identify" to the extent it calls for disclosure of information covered by any applicable privilege or protection over, among other elements, a person's "email address, and present or last known address and telephone number."

7.      Defendants object to the use of the undefined term "Meeting" in a manner

incompatible with, and calculated to expand the obligations imposed by, the Government in the Sunshine Act, 5 U.S.C. 552b.

8.      Defendants object to the definition of "Social-Media Platform" as overbroad, because it includes "*any* organization that provides a service for public users to disseminate . . . content . . . to other users or the public," along with any "contractors, or any other person . . . acting on behalf of the Social-Media Platform . . . as well [as] subcontractors or entities used to conduct fact-checking or any other activities relating to Content Modulation." Such a definition is overbroad because the operative Complaint contains no nonconclusory allegation that Defendants communicated with each and every organization that allows users to "disseminate . . . content" to other users, along with any persons or entities affiliated with those organizations. Defendants will construe "Social-Media Platform" to encompass Facebook, Instagram, Twitter, LinkedIn, and YouTube, unless otherwise noted.

9.      Defendants object to the definition of "You" and "Your" in each Interrogatory as overbroad, as it includes "any officers, officials, employees, agents, staff members, contractors, and other(s)" acting at the direction, or on behalf, of Mr. Flaherty. Such a definition also is not proportional to the needs of the case, especially given the expedited, abbreviated discovery process in which Defendants have only a limited amount of time to respond to Plaintiffs' Interrogatories. Defendants interpret any Interrogatory relying on this definition as applying solely to Mr. Flaherty insofar as a response to such Interrogatory by Mr. Flaherty is consistent with Rules 26 and 33. In particular, Plaintiffs' allegations against Mr. Flaherty concern actions taken in his official capacity, and the Court in its Memorandum Order Regarding Depositions of December 7, 2022 ordered service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

10.     Defendants object to Instruction 1 as exceeding the requirements of Federal Rules of Civil Procedure 26, 33, and 34. Plaintiffs cite to no authority requiring a Defendant to "describe the efforts [it has] made to locate . . . document[s]" that are not in its custody and control "and identify who has control of the document and its location."

11.     Defendants object to Instruction 2 to the extent it exceeds the requirements of Federal Rule of Civil Procedure 26(b)(6). Defendants specifically decline to produce privileged information. Defendants further object to any requirement that they produce a privilege log for privileged material not otherwise properly within the scope of discovery or as to which no privilege log would be required under Federal Rule of Civil Procedure 26(b)(5).

12.     Defendants object to Instruction 3 as exceeding the requirements of Federal Rules of Civil Procedure 26, 33, and 34. Plaintiffs cite to no authority indicating that, if Defendants object to an Interrogatory on burden grounds, Defendants must "stat[e] the approximate number of documents to be produced, the approximate number of person-hours to be incurred in the identification, and the estimated cost of responding to the request." Further, it is unclear how Defendants could provide that type of information without conducting certain burdensome searches and reviews that Defendants sought to avoid through their objections.

13.     Defendants object to Instruction 5 to the extent it requires Defendants to respond based on production of electronic documents "with all metadata and delivered in their original format." Plaintiffs may identify the precise categories of metadata they want Defendants' productions to contain, and Defendants can determine whether they can provide those categories of metadata without an undue burden.

14.     Defendants object to Instruction 6 to the extent that it requires Defendants to respond based on production of documents in a format other than the format in which they are

"kept in the usual course of business." Fed R. Civ. P. 34(b)(2)(E). Defendants object to Instruction 6 to the extent that it requests the production of all e-mail "forwards" for e-mails produced to Plaintiffs. That Instruction may call for the production of documents that are not found in the governmental e-mail files of Mr. Flaherty.

15.     Defendants object to Instruction 8, which applies these requests from January 1, 2020, to the present, as unduly broad. Mr. Flaherty began serving as Director of Digital Strategy at the White House on January 20, 2021. Defendants interpret these requests as applying from January 20, 2021, when Mr. Flaherty began serving as Director of Digital Strategy at the White House, through December 7, 2022, the date on which the Court in its Memorandum Order Regarding Depositions ordered service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9. Any broader period would be disproportional to the needs of the case. Such disproportionality is further aggravated by the discovery burden being placed on White House officials. *See Cheney v. U.S. District Court*, 542 U.S. 367, 385 (2004).

## GENERAL OBJECTIONS APPLICABLE TO ALL INTERROGATORIES

1.     The general objections set forth below apply to each and every Interrogatory discussed below. In asserting Defendants' objections to any particular Interrogatory, Defendants may assert an objection that is the same as, or substantially similar to, one or more of these objections. That Defendants may refer, with particularity, to some, but not all, of the general objections described immediately below in their objections to Plaintiffs' individual Interrogatories does not indicate that Defendants have waived any of these general objections as to any of Plaintiffs' Interrogatories.

2.     Defendants object to any discovery taking place in this case to the extent Plaintiffs

assert cognizable claims seeking review of governmental agency action, including claims under the Administrative Procedure Act, because resolution of any such claims should be based upon the "administrative record" in this case. *See Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985); *Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420 (1971). That said, Defendants understand that the Court has allowed limited preliminary-injunction-related expedited discovery to proceed. *See* Order of July 12, 2022, ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications"). Thus, while preserving their broad objection to any and all discovery, Defendants make objections stated below in light of the current procedural posture of the case.

3.      Defendants object to each Interrogatory insofar as it is incompatible with *In re Paxton*, 53 F.4th 303 (5th Cir. 2022), where the U.S. Court of Appeals for the Fifth Circuit issued a writ of mandamus and directed quashal of subpoenas seeking testimony from the Texas attorney general, because the district court had "clearly erred by not first ensuring its own jurisdiction" given that "[a] court has a fundamental duty to examine its jurisdiction"—and a duty of "'making further inquiry'" when the court's jurisdiction is challenged. *Id.* at 307 (quoting *In re Gee*, 941 F.3d 153, 159 (5th Cir. 2019) (per curiam)). *Paxton* requires the Court to address the threshold issues raised in Defendants' currently pending motion to dismiss the Second Amended Complaint (which contends that the Court lacks jurisdiction because of an absence of Article III standing and because the Agency Defendants possess sovereign immunity) before proceeding with further discovery in this action. Defendants further object to each Interrogatory insofar as the Court should first resolve Defendants' pending motion to dismiss under Fed. R. Civ. P. 12(b)(6),

because those arguments, if accepted, would also obviate the need (and any justification) for further discovery. *See In re Murthy*, No. 22-30697 (5th Cir. Nov. 21, 2022) (directing the district court to give further consideration to "whether further discovery should be paused until a ruling on a timely filed motion by the Government to dismiss").

4.      Defendants object to each Interrogatory as overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports to require a response concerning any governmental entity whose actions are not challenged in the Second Amended Complaint and whose information is not reasonably available to Mr. Flaherty, consistent with the Court's Memorandum Order Regarding Depositions of December 7, 2022, which ordered service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

5.      Defendants object to the Interrogatories to the extent that they seek (a) attorney work product; (b) communications protected by the attorney-client privilege; (c) information protected by the deliberative process privilege or law enforcement privilege or other similar privilege; (d) material the disclosure of which would violate legitimate privacy interests and expectations of persons not party to this litigation; (e) information protected by any form of executive privilege; or (f) information covered by any other applicable privilege or protection.

6.      Defendants object to any Interrogatory seeking discovery from the White House as unduly burdensome, and disproportional to the needs of the case. *See generally Cheney*, 542 U.S. at 367. Plaintiffs' Interrogatories create an undue burden, distract White House officials from their critical executive responsibilities, and raise separation of powers concerns. *See id.* at 382 (repeating "the paramount necessity of protecting the Executive Branch from vexatious litigation that might distract it from the energetic performance of its constitutional duties"); *see*

*also id.* at 385 (admonishing courts "that the Executive's 'constitutional responsibilities and status [are] factors counseling judicial deference and restraint' in the conduct of litigation against it"). That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending (with briefing scheduled to close this month). Further, the Interrogatories seeking response from the White House are unduly burdensome and disproportional to the needs of the case when Plaintiffs have not first exhausted all available opportunities to seek related information from other sources. *See* Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019) (requiring plaintiff to exhaust all discovery on other defendants before considering whether there was "continuing need for discovery sought on the White House"); *cf. Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019) (vacating "district court's discovery orders because the district court did not fulfill its obligation 'to explore other avenues, short of forcing the Executive to invoke privilege'" (quoting *Cheney*, 542 U.S. at 390)).

7. Moreover, to the extent any Interrogatory calls for disclosure of internal governmental communications involving White House personnel, it is inappropriate because it may have the effect of revealing information protected by the presidential communications privilege, a "presumptive privilege" "fundamental to the operation of Government and inextricably rooted in the separation of powers under the Constitution" that attaches to presidential communications. *United States v. Nixon*, 418 U.S. 683, 708 (1974); *see In re Sealed Case*, 121 F.3d 729, 743-44 (D.C. Cir. 1997). Although the presidential communications privilege can be overcome by showing a "specific need" in a criminal case, *Judicial Watch, Inc. v. Dep't of Justice*, 365 F.3d 1108, 1112 (D.C. Cir. 2004), the presumption against disclosure is even higher in a civil case like this one, *Am Historical Ass'n v. Nat'l Archives & Records Admin.*,

402 F. Supp. 2d 171, 181 (D.D.C. 2005). Such discovery violates the separation of powers and creates an undue burden and distraction from those individuals' critical executive responsibilities. *See Cheney*, 542 U.S. at 389; *see also id.* at 371 ("[P]recedents provide no support for the . . . requirement that the Executive Branch bear the burden of invoking executive privilege with sufficient specificity and of making particularized objections [to producing large numbers of individual documents]. Indeed, those precedents suggest just the opposite.").

8.      Defendants object to each Interrogatory as beyond the requirements of the Federal Rules of Civil Procedure and the Court's December 7, 2022 Order to the extent it seeks information or documents that are not in the custody or control of Mr. Flaherty.

9.      Defendants object to each Interrogatory as unduly burdensome to the extent it seeks, without limitation, responses based on all communications and documents in Mr. Flaherty's custody or control relating to the substantive topic identified in the Interrogatory. The parties are currently involved in an expedited, abbreviated discovery process in which Defendants have only a limited amount of time to respond.

10.     Defendants specifically reserve the right to make further objections and responses as necessary to the extent additional issues arise regarding the meaning of or information sought by Plaintiffs' Interrogatories.

## PRELIMINARY STATEMENT REGARDING EXCESSIVELY NUMEROUS INTERROGATORIES

1.      Defendants object to the Flaherty Interrogatories as exceeding the numerical limit of 25 in the aggregate under Fed. R. Civ. P. 33(a) and LR33.1 of the Local Civil Rules.

2.      Contrary to those rules, Plaintiffs erroneously and improperly served on July 18, 2022 First PI Interrogatories totaling 110 enumerated interrogatories as to 10 recipient Defendants. Even excluding duplicative interrogatories served on separate Defendants (at least

in substance, if not form), there would still have been 34 distinct interrogatories served. Either number exceeds the 25 interrogatories permitted. *Global Tubing, LLC v. Tenaris Coiled Tubes, LLC*, No. 17-cv-3299, 2020 WL 12443175 at *2 (S.D. Tex. Nov. 25, 2020) (quoting 8B Charles Alan Wright et al., *Federal Practice & Procedure* § 2168.1 (3d ed. 2020)); *accord Kleiman v. Wright*, No. 18-cv-80176, 2020 WL 1666787 at *1 (S.D. Fla. Apr. 3, 2020); *Vinton v. Adam Aircraft Indus., Inc.*, 232 F.R.D. 650, 664 (D. Colo. 2005); *see also Zito v. Leasecomm Corp.*, 233 F.R.D. 395, 399 (S.D.N.Y. 2006); *see, e.g., Am. Council of Blind of Metro. Chi. v. Chi.*, No. 19-cv-6322, 2021 WL 5140475 at *1-2 (N.D. Ill. Nov. 4, 2021); *Fair Housing Ctr. of Centr. Ind. v. Welton*, No. 18-cv-01098, 2019 WL 2422594 at *5 (S.D. Ind. June 10, 2019). In a similar vein, LR33.1 of the Local Civil Rules, concerning "Number of Interrogatories," provides as follows (emphasis added): "No party shall serve on any other party *more than 25 interrogatories in the aggregate* without leave of court." Adherence to the 25-interrogatory limitation is especially appropriate at this stage of the instant action, where Defendants have already produced voluminous documents ahead of the Rule 26 conference for the limited purpose of providing Plaintiffs with additional information concerning the pending preliminary injunction motion. *Cf. Gray v. Price*, No. 19-cv-10383, 2020 WL 12721645 at *5 (E.D. Mich. Feb. 12, 2020).

3. After alerting Plaintiffs to the numerical limit issue in an August 1, 2022, letter, and following additional e-mail correspondence with Plaintiffs, the parties agreed on August 11, 2022 to resolve the excessive numerosity problem as follows: Plaintiffs requested that (*a*) each Defendant recipient is to answer Interrogatories 1 through 5 of the First PI Interrogatories directed to CDC, with the reference to the CDC (in Interrogatory 1) to "be adjusted to refer to the recipient of the interrogatory," and (*b*) certain Defendants are to answer additional interrogatories, totaling 20, specified by Plaintiffs, and Plaintiffs did not object to Defendants' proposal that all remaining

interrogatories be deemed withdrawn. Defendants responded to those interrogatories on August 17, 2022, as amended on September 27, 2022, and on December 19, 2022. Accordingly, any interrogatory that is not substantively identical to one served on other Defendants exceeds the numerical limit.

## SIGNATURES FOR RESPONSES

1. Insofar as an Interrogatory is not objected to through the undersigned counsel, Defendants respond to it below, with the signatures of the following—for Mr. Flaherty: Robert Flaherty, White House Director of the Office of Digital Strategy.

## OBJECTIONS AND RESPONSES TO SPECIFIC INTERROGATORIES

**Flaherty Interrogatory No. 1:**

**Identify all Communications with Social-Media Platform(s), and describe in detail the nature and content of each Communication.**

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case. This Interrogatory calls for information regarding "all Communications with Social-Media Platform[s]," even if the Communications do not concern Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery (*see* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")), and even as to platforms not at issue in the operative Complaint, and including each platform's "officers, agents, employees, contractors, or any other person employed by or acting on behalf of [such] Social-Media Platform."

Defendants cannot conduct an exhaustive search to uncover "all" possible responsive

information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Further, given the expedited nature of the discovery, it would not be reasonable for Mr. Flaherty to attempt to ascertain every communication or meeting with social media platforms that are not documented in the extensive emails being produced in this litigation. To the extent an interrogatory asks about specific communications or meetings with social media platforms, or specific topics discussed with social media platforms, Mr. Flaherty responded to that interrogatory to the best of his recollection.

Defendants also understand this Interrogatory to seek only a response based on communications between Defendants and third parties outside the government. To the extent that this Interrogatory seeks internal information referring to such communications, Defendants object to the Interrogatory as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of Defendants' agreement to produce the external communications themselves. Defendants also object to the Interrogatory to the extent a response requires review of internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to agency communications. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is

overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it requires a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Defendants further object to this Interrogatory as unreasonably cumulative and duplicative of Plaintiffs' Requests for Production of Documents served on Mr. Flaherty in his official capacity, in response to which Defendants are producing documents within a review population that contains

(i) non-privileged e-mail communications between Mr. Flaherty and email addresses with domain names of the Social-Media Platforms defined above and (ii) which are collected from Mr. Flaherty's governmental account. Defendants are producing e-mails within the aforementioned review population that contain one or more of the search terms identified by Plaintiffs, or that were otherwise identified by Defendants as being potentially responsive, and that concern misinformation, content modulation, or content on social media platforms about COVID-19. Defendants have included e-mails with social media platforms about COVID-19 regardless of whether those e-mails are related to misinformation or content modulation—notwithstanding that many of those e-mails would otherwise go beyond the scope of discovery authorized by the Court's July 12, 2022, discovery order—given the expedited, abbreviated discovery process in which Defendants have only a limited amount of time to respond to Plaintiffs' requests, and out of a desire to be transparent and responsive to the Court's supplemental discovery order. Additionally, Defendants are producing emails contained within the aforementioned review population that reflect a meeting invitation or a response to such an invitation between any White House official and any employee of any social-media platform (hereinafter "meeting invites"), regardless of whether a meeting invite includes one of Plaintiffs' search terms, and regardless of whether a meeting invite indicates that the topic of the meeting was misinformation or content modulation. The Requests for Production provide a more expeditious and significantly less burdensome method for Plaintiffs to obtain the information sought, considering the expedited nature of the discovery here and the broad scope of this Interrogatory.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to

Rob Flaherty and other documents produced in this litigation. Further, Defendants refer Plaintiffs to the response below to Interrogatory No. 2 regarding meetings with social media platforms.

**Flaherty Interrogatory No. 2:**

**Identify and describe in detail all Meetings with Social-Media Platform(s), including the time, date, place, all participant(s), everyone who spoke at the meeting, and the nature and content of all Communications at each Meeting.**

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case. This Interrogatory calls for information regarding "all Meetings with Social-Media Platform[s]," even if the Meetings do not concern Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery (*see* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")), and even as to platforms not at issue in the operative Complaint, and including each platform's "officers, agents, employees, contractors, or any other person employed by or acting on behalf of [such] Social-Media Platform."

Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Further, given the expedited nature of the discovery, it would not be reasonable for Mr. Flaherty to attempt to ascertain every communication or meeting with social media platforms that are not documented in the extensive emails being produced in this litigation. To the extent an interrogatory

asks about specific communications or meetings with social media platforms, or specific topics discussed with social media platforms, Mr. Flaherty responded to that interrogatory to the best of his recollection.

Defendants also understand this Interrogatory to seek only a response based on meetings between Defendants and third parties outside the government. To the extent that this Interrogatory seeks internal information referring to such meetings, Defendants object to the Interrogatory as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of Defendants' agreement to produce information concerning the external meetings themselves. Defendants also object to the Interrogatory to the extent a response requires review of internal, deliberative documents discussing such meetings, attorney client documents, or other privileged materials. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it requires a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs

of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, to the extent it demands—in vague and ambiguous terms—descriptions of "all meetings" "in detail" beyond the descriptions set forth in e-mails or meeting invites reflecting that a meeting was held or email exchanges describing such meetings.

Defendants further object to this Interrogatory as unreasonably cumulative and duplicative of Plaintiffs' Requests for Production of Documents served on Mr. Flaherty in his official capacity, in response to which Defendants are producing documents within a review population that contains (i) non-privileged e-mail communications between Mr. Flaherty and email addresses with domain names of the Social-Media Platforms defined above and (ii) which are collected from Mr.

Flaherty's governmental account. Defendants are producing e-mails within the aforementioned review population that contain one or more of the search terms identified by Plaintiffs, or that were otherwise identified by Defendants as being potentially responsive, and that concern misinformation, content modulation, or content on social media platforms about COVID-19. Additionally, Defendants are producing meeting invites. The Requests for Production provide a more expeditious and significantly less burdensome method for Plaintiffs to obtain the information sought, considering the expedited nature of the discovery here and the broad scope of this Interrogatory.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to Rob Flaherty and other documents produced in this litigation.

Additionally, although Mr. Flaherty cannot recall the exact nature and content of each meeting, Mr. Flaherty avers that he has had numerous meetings with social media companies in his role as the Director of the Office of Digital Strategy, which requires him to oversee the President's engagements on social media and outreach to digital creators, among other responsibilities. Some of those meetings Mr. Flaherty had with social media companies concerned misinformation or disinformation. These meetings Mr. Flaherty had with social media companies concerning misinformation or disinformation largely, if not entirely, focused on misinformation and disinformation as it relates to COVID-19 and the safety and efficacy of COVID-19 vaccines. That focus was consistent with the current Administration's concern that misinformation and disinformation related to COVID-19 vaccines poses a critical threat to public health and contributes to preventable hospitalizations and deaths. In these meetings, Mr. Flaherty generally

sought to better understand the companies' existing policies to address the spread of misinformation or disinformation on their platforms, what the companies were doing to enforce those policies, and what the government could do to assist social media companies in their efforts to address the spread of misinformation or disinformation on their platforms. Mr. Flaherty avers that he has also encouraged social media companies to be transparent and share data concerning the prevalence of misinformation and disinformation on their platforms. At times he expressed frustration when he perceived platforms to be applying their policies inconsistently or to not be forthcoming in their assessment of the problems with misinformation and disinformation on their platforms.

**Flaherty Interrogatory No. 3:**

**Identify every Federal Official for whom you have any reason to believe is or has been involved in any Communication(s) and/or Meeting(s) with any Social-Media Platform(s), and describe in detail the nature and content of the Communication(s) and Meeting(s).**

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case. This Interrogatory calls for a response based on "Communication(s) and/or Meeting(s)" in which "every Federal Official" is "involved," even if the "Communication(s) and/or Meeting(s)" do not concern Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery (*see* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")), and "with" any and all Social-Media Platforms, even if those platforms are not at issue in the operative Complaint, and including each platform's "officers, agents, employees, contractors, or any other person employed by or acting on

behalf of [such] Social-Media Platform."

Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is pending. Further, given the expedited nature of the discovery, it would not be reasonable for Mr. Flaherty to attempt to ascertain every communication or meeting with social media platforms that are not documented in the extensive emails being produced in this litigation. To the extent an interrogatory asks about specific communications or meetings with social media platforms, or specific topics discussed with social media platforms, Mr. Flaherty responded to that interrogatory to the best of his recollection.

Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports, via the definition of "Federal Official" and the phrase "any reason to believe," to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the

White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, to the extent it demands—in vague and ambiguous terms—descriptions of "communications" and "all meetings" "in detail" beyond the descriptions set forth in e-mails or meeting invites reflecting that a communication occurred or a meeting was held or email exchanges describing such meetings or communications.

Defendants further object to this Interrogatory as unreasonably cumulative and duplicative of Plaintiffs' Requests for Production of Documents served on Mr. Flaherty in his official capacity, in response to which Defendants are producing documents within a review population that contains

(i) non-privileged e-mail communications between Mr. Flaherty and email addresses with domain names of the Social-Media Platforms defined above and (ii) which are collected from Mr. Flaherty's governmental account. Defendants are producing e-mails within the aforementioned review population that contain one or more of the search terms identified by Plaintiffs, or that were otherwise identified by Defendants as being potentially responsive, and that concern misinformation, content modulation, or content on social media platforms about COVID-19. Additionally, Defendants are producing meeting invites. The Requests for Production provide a more expeditious and significantly less burdensome method for Plaintiffs to obtain the information sought, considering the expedited nature of the discovery here and the broad scope of this Interrogatory.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to Rob Flaherty and other documents produced in this litigation.

**Flaherty Interrogatory No. 4:**

**Identify all Communication(s) and Meeting(s) involving any of the following people that refer or relate in any way to Content Modulation, Misinformation, and/or any Social-Media Platform(s). For each such Meeting or Communication, in response to this interrogatory, identify the time, date, place, method of communication (phone, email, videoconference, etc.), duration, participants, and general topic of the Meeting or Communication: Dr. Anthony Fauci, Francis Collins, Clifford Lane, Vivek Murthy, Eric Waldo, Max Lesko, Deborah Birx, Rochelle Walensky, Richard Hatchett, Jen Psaki, Karine Jean-Pierre, Brian Scully, Andy Slavitt, Matthew Masterson, Jen Easterly, Christopher C. Krebs, Carol Crawford, Alex Stamos, Renee DiResta, Kate Starbird, Elvis Chan, Laura Dehmlow, Leah Bray, Nina Jankowicz, Lea Gabrielle, Jiore Craig, Theo LeCompte, Joshua Peck, Alejandro Mayorkas, Robert Silvers, Samantha Vinograd, Nina Jankowicz, Kyla Fullenwider, Courtney Billet, Samaruddin Stewart, Daniel Kimmage.**

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants

further object that the Interrogatory is vague and ambiguous, including through the use of the term "refer or relate in any way to Content Modulation, Misinformation, and/or any Social-Media Platform(s)," where, among other defects, the ambiguous term "and/or" could be construed to extend even to those "Communication(s) and/or Meeting(s)" that do not concern Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery (*see* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")).

Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case. This Interrogatory calls for a response based on "Communication(s) and/or Meeting(s)" in which each named individual—including not only current Federal Government officials but also former Federal Government officials and individuals *not* alleged to have been employed by the Federal Government—is "involv[ed]," and "with" any and all Social-Media Platforms, even if those platforms are not at issue in the operative Complaint, and including each platform's "officers, agents, employees, contractors, or any other person employed by or acting on behalf of [such] Social-Media Platform."

Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Further, given the expedited nature of the discovery, it would not be reasonable for Mr. Flaherty to attempt to ascertain every communication or meeting with social media platforms that are not

documented in the extensive emails being produced in this litigation. To the extent an interrogatory asks about specific communications or meetings with social media platforms, or specific topics discussed with social media platforms, Mr. Flaherty responded to that interrogatory to the best of his recollection.

Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order*, Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical

executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, to the extent it demands—in vague and ambiguous terms—descriptions of "communications" and "all meetings" "in detail" beyond the descriptions set forth in e-mails or meeting invites reflecting that a communication occurred or a meeting was held or email exchanges describing such meetings or communications.

Defendants further object to this Interrogatory as unreasonably cumulative and duplicative of Plaintiffs' Requests for Production of Documents served on Mr. Flaherty in his official capacity, in response to which Defendants are producing documents within a review population that contains (i) non-privileged e-mail communications between Mr. Flaherty and email addresses with domain names of the Social-Media Platforms defined above and (ii) which are collected from Mr. Flaherty's governmental account. Defendants are producing e-mails within the aforementioned review population that contain one or more of the search terms identified by Plaintiffs, or that were otherwise identified by Defendants as being potentially responsive, and that concern

misinformation, content modulation, or content on social media platforms about COVID-19. Additionally, Defendants are producing meeting invites. The Requests for Production provide a more expeditious and significantly less burdensome method for Plaintiffs to obtain the information sought, considering the expedited nature of the discovery here and the broad scope of this Interrogatory.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Defendants refer Plaintiffs to the documents produced in this litigation. Further, Defendants refer Plaintiffs to responses below to Interrogatories Nos. 6 and 8.

**Flaherty Interrogatory No. 5:**

For each Meeting and Communication identified in the previous Interrogatory, identify and describe in detail the nature and content of every Communication involved in the Meeting or Communication.

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object that the Interrogatory is vague and ambiguous, including through the use of the term "refer or relate in any way to Content Modulation, Misinformation, and/or any Social-Media Platform(s)," where, among other defects, the ambiguous term "and/or" could be construed to extend even to those "Communication(s) and/or Meeting(s)" that do not concern Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery (*see* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")).

Defendants further object to this Interrogatory as overbroad, unduly burdensome, and not proportional to the needs of this case. This Interrogatory calls for a response based on

"Communication(s) and/or Meeting(s)" in which each named individual—including not only current Federal Government officials but also former Federal Government officials and individuals *not* alleged to have been employed by the Federal Government—is "involv[ed]," and "with" any and all Social-Media Platforms, even if those platforms are not at issue in the operative Complaint, and including each platform's "officers, agents, employees, contractors, or any other person employed by or acting on behalf of [such] Social-Media Platform."

Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Further, given the expedited nature of the discovery, it would not be reasonable for Mr. Flaherty to attempt to ascertain every communication or meeting with social media platforms that are not documented in the extensive emails being produced in this litigation. To the extent an interrogatory asks about specific communications or meetings with social media platforms, or specific topics discussed with social media platforms, Mr. Flaherty responded to that interrogatory to the best of his recollection.

Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is

the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Defendants further object to this Interrogatory as unreasonably cumulative and duplicative of Plaintiffs' Requests for Production of Documents served on Mr. Flaherty in his official capacity, in response to which Defendants are producing documents within a review population that contains (i) non-privileged e-mail communications between Mr. Flaherty and email addresses with domain names of the Social-Media Platforms defined above and (ii) which are collected from Mr.

Flaherty's governmental account. Defendants are producing e-mails within the aforementioned review population that contain one or more of the search terms identified by Plaintiffs, or that were otherwise identified by Defendants as being potentially responsive, and that concern misinformation, content modulation, or content on social media platforms about COVID-19. Additionally, Defendants are producing meeting invites. The Requests for Production provide a more expeditious and significantly less burdensome method for Plaintiffs to obtain the information sought, considering the expedited nature of the discovery here and the broad scope of this Interrogatory.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Defendants refer Plaintiffs to the documents produced in this litigation. Further, Defendants refer Plaintiffs to responses below to Interrogatories Nos. 6 and 8.

**Flaherty Interrogatory No. 6:**

**Identify and describe in detail the involvement of any Federal Official and/or federal agency in the Election Integrity Partnership and/or the Virality Project.**

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object that the Interrogatory is vague and ambiguous, including through the use of the term "the involvement of any Federal Official and/or federal agency" where, among other defects, the ambiguous term "involvement" could be construed to include communications that do not concern Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery (*see* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")).

Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is pending. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports, via the definition of "Federal Official," to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter

jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, given that this Interrogatory demands, in vague and ambiguous terms, a description "in detail" of the communications at issue.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following responses: Mr. Flaherty is not aware of any direct involvement by federal agencies or employees in either the Election Integrity Partnership or the Virality Project. Mr. Flaherty, however, recalls meeting with Ms. DiResta, in or around March 2021, to talk about her research on misinformation and disinformation, including the work of the Virality Project to address COVID-19-related misinformation and disinformation. It is Mr. Flaherty's understanding that Renée DiResta is or was involved with the Virality Project, which was associated with Stanford University, where Ms. DiResta works. Mr. Flaherty specifically recalls one initial meeting and a follow up conversation. In Ms. DiResta's communications, Mr. Flaherty recalls Ms. DiResta suggesting that the federal government should create a "Mythbusters" webpage as part of a strategy to address misinformation and disinformation before it had a large impact. More generally, Mr. Flaherty recalls Ms. DiResta suggesting that the primary role of the federal government in combating misinformation and disinformation related to the COVID-19 vaccines was to provide

expert information.

**Flaherty Interrogatory No. 7:**

Identify every action to change policies and/or increase enforcement of existing policies relating to Misinformation and/or Content Modulation that any Social-Media Platform has reported to You or to any other Federal Official.

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object that the Interrogatory is vague and ambiguous, including through the use of the terms "action to change policies," "and/or increase enforcement," and "relating to Misinformation and/or Content Modulation."

Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is pending. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports, via the definition of "Federal Official," to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the

White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to Rob Flaherty and other documents produced in this litigation.

Additionally, Mr. Flaherty avers that he cannot recall every specific communication from a social media platform on the subject of this interrogatory. Mr. Flaherty, however, specifically recalls that he has received notifications from social media companies, such as Facebook, when they were preparing to make a public announcement about enforcement of or changes to their content policies relating to misinformation or disinformation. Mr. Flaherty generally recalls that

he received such notifications shortly before or shortly after the public announcement.

**Flaherty Interrogatory No. 8:**

Identify and describe in detail all Communications relating to Your action in connecting Vivek Murthy and Eric Waldo with Jiore Craig, as reflected in Bates page MOLA_DEFSPROD_00007437, including an explanation of what Ms. Craig does and/or did to "help[] [You] think through mis/dis on the COVID side."

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object that the Interrogatory is vague and ambiguous, including through the use of the terms "relating to Your action in connecting," and "explanation."

Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is pending. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the

White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, given that this Interrogatory demands, in vague and ambiguous terms, a description "in detail" "all" of the communications at issue.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following responses: Mr. Flaherty understands Ms. Craig to be a researcher who has studied misinformation and disinformation. Mr. Flaherty avers that he has had conversations with Ms. Craig to understand what her research showed about vaccine hesitancy and how such hesitancy could best be addressed by the government. Mr. Flaherty recalls Ms. Craig organizing a meeting

in or around the Spring of 2021 on this topic in which Mr. Flaherty recalls attending with Andrew Slavitt and possibly others, and in which several misinformation-and-disinformation researchers outside of government also attended.  Ms. Craig expressed an interest in meeting with Vivek Murthy.   In light of that interest and her expertise in understanding misinformation and disinformation, as well as Dr. Murthy's work on the same topic, Mr. Flaherty recalls introducing Dr. Murthy to Ms. Craig.  Mr. Flaherty does not recall taking any other action in connecting Vivek Murthy or Eric Waldo to Ms. Craig.

**Flaherty Interrogatory No. 9:**

**Identify all Social-Media Platforms, including any of their officers, agents, or employees, with which You have communicated or are communicating relating to Content Modulation and/or Misinformation, or any other topic.**

**OBJECTIONS:** Defendants incorporate by reference the above objections. This Interrogatory calls for information regarding "Communication(s)" with "all Social-Media Platforms," even if the Communications do not concern Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery (*see* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")), and even as to platforms not at issue in the operative Complaint, and including each platform's "officers, agents, employees, contractors, or any other person employed by or acting on behalf of [such] Social-Media Platform." Defendants further object that the Interrogatory is vague and ambiguous, including through the use of the terms "relating to" and "any other topic."

Defendants further object to this Interrogatory as unduly burdensome and not proportional to the needs of the case. Defendants cannot conduct an exhaustive search to uncover all possible

responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending.

Defendants also object to the Interrogatory to the extent a response requires review of internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, to the extent "communication" is meant to cover anything beyond e-mail exchanges.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to Rob Flaherty and other documents produced in this litigation.  Mr. Flaherty further provides that

he recalls primarily discussing misinformation with Meta, Google, and Twitter.  In addition, Mr. Flaherty recalls having conversations concerning misinformation with Pinterest and Snapchat. Mr. Flaherty recalls the primary points of contact from these companies being:  Brian Rice and Carrie Adams from Facebook; Todd O'Boyle, Lauren Culbertson, and Caroline Strom from Twitter; Kevin Kane, Jan Antonaros, Brandon Feldman, and John Ruxton from Google; Charlie Hale from Pinterest; and Sofia Gross, Ben Schwerin, and possibly Rebecca Vangelos from Snapchat.

**Flaherty Interrogatory No. 10:**

Identify all **"members of our senior staff"** and/or **"members of our COVID-19 team"** who are **"in regular touch with … social media platforms,"** as stated at a White House press briefing on or around July 15, 2021, including the nature of the communication and/or coordination.

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object to this Interrogatory on the ground that it is vague because it relies on a characterization of a statement made by an individual no longer in government, and the statement does not specify the individuals at issue or the specific communications to which it refers. Defendants further object to this Interrogatory as unduly burdensome and not proportional to the needs of the case. This Interrogatory calls for a response based on all specified "communications" from Defendants or any employees or subordinates of Defendants. Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Defendants also object to this Interrogatory as overbroad insofar as it is construed to include communications that do not concern Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery (*see* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are

communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")). This Interrogatory appears to call for a response based on communications with Social-Media Platforms regardless of whether they pertain to content modulation with respect to misinformation.

Defendants also object to this Interrogatory to the extent it seeks internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to such communications. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it purports to require a response concerning the public statements of the former White House Press Secretary, and hence outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, inter alia, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally,

discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this request to the extent it is directed to information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Further, Defendants object to this Interrogatory as unreasonably cumulative and duplicative of Plaintiffs' previous Interrogatories to Defendants, to which Defendants responded on August 17, 2022, as amended on September 27, 2022, and on December 19, 2022

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following responses: Defendants refer Plaintiffs to the public transcripts of the White House press briefings cited previously by Defendants in response to substantially similar interrogatories. Mr. Flaherty, however, understands these statements quoted in this interrogatory to include himself and Andrew Slavitt.


**Flaherty Interrogatory No. 11:**

Identify all Documents and Communications relating to "12 people who are producing 65 percent of the anti-vaccine misinformation on social-media platforms," as stated at a White House press briefing on or around July 15, 2021.

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object to this Interrogatory as vague because it relies on a characterization of a statement

made by an individual no longer in government, and the statement does not specify the individuals at issue or the specific communications to which it refers.

Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it purports to require a response concerning the public statements of the former White House Press Secretary, and hence outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, inter alia, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, to the extent "communication" is meant to cover anything beyond e-mail exchanges.

Further, Defendants object to this Interrogatory as unreasonably cumulative and

duplicative of Plaintiffs' previous Interrogatories to Defendants, to which certain Defendants responded on August 17, 2022, as amended on September 27, 2022, and on December 19, 2022.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to Rob Flaherty and other documents produced in this litigation.

**Flaherty Interrogatory No. 12:**

On or around July 15, 2021, the White House Press Secretary stated that "we engage with them [i.e., Social-Media Platforms] regularly and they certainly understand what our asks are." Identify what Social-Media Platform(s) are included in any such engagement(s), and identify "what our asks are," including all Communication(s) relating to such engagement(s) and ask(s).

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object to this Interrogatory on the ground that it is vague because it relies on a characterization of a statement made by an individual no longer in government, and the statement does not specify the individuals at issue or the specific communications to which it refers. Defendants further object to this Interrogatory as unduly burdensome and not proportional to the needs of the case. This Interrogatory calls for a response based on any and all specified documents from Defendants or any employee or subordinate of Defendants, whereas the knowledge of Mr. Flaherty is the only appropriate basis for a response. Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending.

Defendants also object to this Interrogatory as overbroad in that it appears to call for a response based on communications with Social-Media Platforms regardless of whether those communications pertain to Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery. *See* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")).

Defendants also object to the Interrogatory to the extent a response requires review of internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to agency communications. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it purports to require a response concerning the public statements of the former White House Press Secretary, and hence outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, inter alia, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs

of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent it is directed to information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendants disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Further, Defendants object to this Interrogatory as unreasonably cumulative and duplicative of Plaintiffs' previous Interrogatories to Defendants, to which certain Defendants responded on August 17, 2022, as amended on September 27, 2022, and on December 19, 2022.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following responses: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to Rob Flaherty and other documents produced in this litigation, including to the public transcripts of the White House press briefings cited previously by Defendants in response to substantially similar interrogatories. Mr. Flaherty, however, understands these statements quoted in this interrogatory to include the discussions he and Andrew Slavitt have had with social media

companies regarding the scope of the problem with misinformation and disinformation on social media platforms, what social media platforms are doing to enforce their content policies, and what role government could play to assist in minimizing the negative impact of misinformation and disinformation.

**Flaherty Interrogatory No. 13:**

Identify all "government experts" who have partnered with Facebook or any Social-Media Platform(s) to address Misinformation and/or Content Modulation, including the nature of the partnership and any Communication(s) involved therein.

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object to this Interrogatory as vague because it relies on a characterization of a statement attributed to a third-party Facebook employee, as reported in a July 15, 2021 *Reuters.com* article quoted at Compl. ¶ 163, and the statement does not sufficiently specify the individuals at issue or the specific communications to which it refers. Defendants lack information sufficient to establish the meaning of that third party's statement, including terms such as "partnered with." Defendants further object to this Interrogatory as unduly burdensome and not proportional to the needs of the case. Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Defendants also object to the Interrogatory to the extent a response requires review of internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to agency communications. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, or any other

applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, to the extent "communication" is meant to cover anything beyond e-mail exchanges.

Further, Defendants object to this Interrogatory as unreasonably cumulative and duplicative of Plaintiffs' previous Interrogatories to Defendants, to which certain Defendants responded on August 17, 2022, as amended on September 27, 2022, and on December 19, 2022.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following responses: Defendants refer Plaintiffs to the documents produced in this litigation.

**Flaherty Interrogatory No. 14:**

**Identify all person(s) who "engage[s] regularly with all social media platforms about steps that can be taken" to address Misinformation on social media, which engagement "has continued, and … will continue," as stated at the April 25, 2022 White House press briefing, including all Communications with any Social-Media Platform involved in such engagement.**

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object to this Interrogatory on the ground that it is vague because it relies on a characterization of a statement made by an individual no longer in government, and the statement

does not specify the individuals at issue or the specific communications to which it refers. Defendants further object to this Interrogatory as unduly burdensome and not proportional to the needs of the case. This Interrogatory calls for a response based on any and all specified documents from Defendants or any employees or subordinates of Defendants, whereas the knowledge of Mr. Flaherty is the only appropriate basis for a response. Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending.

Defendants also object to this Interrogatory as overbroad in that it appears to call for a response based on communications with Social-Media Platforms regardless of whether those communications pertain to Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery. *See* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")).

Defendants also object to the Interrogatory to the extent a response requires review of internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to agency communications. Defendants also object to this Request to the extent it seeks internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to such communications. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national

security privileges, presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportionate to the needs of the case, insofar as it purports to require a response concerning the public statements of the former White House Press Secretary, and hence outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, inter alia, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportionate to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order*, Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent it is directed to information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendants

disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Further, Defendants object to this Interrogatory as unreasonably cumulative and duplicative of Plaintiffs' previous Interrogatories to Defendants, to which certain Defendants responded on August 17, 2022, as amended on September 27, 2022, and on December 19, 2022.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following responses: Defendants refer Plaintiffs to documents produced in this litigation as well as to the public transcripts of the White House press briefings cited previously by Defendants in response to substantially similar interrogatories. Mr. Flaherty avers that he is unaware of whom Ms. Psaki was specifically referring to at the time of the press briefing.

**Flaherty Interrogatory No. 15:**

**Identify all Documents and Communications that contain any of the Search Terms.**

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants further object to this Interrogatory as unduly burdensome, overbroad, and not proportional to the needs of this case. This Interrogatory calls for a response based on any and all specified documents from any Defendant or any employee or subordinate of any Defendant, whereas the knowledge of Mr. Flaherty is the only appropriate basis for a response. Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending.

Defendants also object to this Interrogatory as overbroad in that it appears to call for a response based on communications with Social-Media Platforms regardless of whether those

communications pertain to Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery. *See* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")). In that regard, Plaintiffs' Search Terms include many broad terms that could be found in e-mails that have nothing to do with misinformation—such as "mask," "election," "antitrust," "globalization," and "Federalist."

Defendants also understand this Interrogatory to seeks a response based on only communications between Defendants and third parties outside the government. To the extent that this Interrogatory seeks internal information referring to such communications, Defendants object to the Interrogatory as not proportional to the needs of the case, as it would require an extensive search of internal records that would not be possible to complete in the expedited period provided for current discovery and would be unnecessary in light of Defendants' agreement to produce the external communications themselves.

Defendants also object to the Interrogatory to the extent a response requires review of internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to agency communications. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges presidential communications privilege, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports to require a response outside the

knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, to the extent "communication" is meant to cover anything beyond e-mail exchanges.

Defendants further object to this Interrogatory as unreasonably cumulative and duplicative

of Plaintiffs' Requests for Production of Documents served on Mr. Flaherty in his official capacity, in response to which Defendants are producing documents within a review population that contains (i) non-privileged e-mail communications between Mr. Flaherty and email addresses with domain names of the Social-Media Platforms defined above and (ii) which are collected from Mr. Flaherty's governmental account. Defendants are producing e-mails within the aforementioned review population that contain one or more of the search terms identified by Plaintiffs, or that were otherwise identified by Defendants as being potentially responsive, and that concern misinformation, content modulation, or content on social media platforms about COVID-19. Additionally, Defendants are producing meeting invites. Thee Requests for Production provide a more expeditious and significantly less burdensome method for Plaintiffs to obtain the information sought, considering the expedited nature of the discovery here and the broad scope of this Interrogatory.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to Rob Flaherty and other documents produced in this litigation.

**Flaherty Interrogatory No. 16:**

Identify and describe in detail all "concern[s] about mis-and-disinformation on feeds and in groups," as stated in Bates page MOLA_DEFSPROD_00007250.

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants also object because the undefined instruction to describe "in detail" as used in this Interrogatory is vague and ambiguous.

Defendants further object to this Interrogatory as unduly burdensome and not proportional to the needs of the case. Defendants cannot conduct an exhaustive search to uncover "all" possible

responsive information under the current, abbreviated expedited discovery schedule. Such expedited discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending.

Defendants also object to the Interrogatory to the extent a response requires review of internal, deliberative documents discussing such communications, attorney client documents, or other privileged materials relating to agency communications. Defendants also object to this Interrogatory to the extent it seeks information protected by the deliberative process privilege, attorney-client privilege, law enforcement privilege, national security privileges, or any other applicable privilege. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given

that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following response: Mr. Flaherty recalls that, at the time this email was sent, it was his understanding that misinformation and disinformation about COVID-19 vaccines was circulating on feeds and groups on Facebook in violation of Facebook policy. Mr. Flaherty recalls being concerned that such misinformation and disinformation could negatively impact the rollout of vaccines for children aged 5-11, and that he wanted to understand whether those concerns were accurate.

**Flaherty Interrogatory No. 17:**

Identify and describe in detail everything that was stated by any and all participant(s) in the April 21, 2021 Meeting in which You participated with Twitter officials at which Alex Berenson was discussed.

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants also object because the undefined instruction to describe "in detail everything that was stated" as used in this Interrogatory is vague and ambiguous.

Defendants further object to this Interrogatory as unduly burdensome and not proportional to the needs of the case. Defendants cannot conduct an exhaustive search to uncover all possible responsive information under the current, abbreviated expedited discovery schedule. Such expedited

discovery is especially burdensome given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of

responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Moreover, this Interrogatory is especially untimely within the expedited discovery context, given that the Amended Complaint filed August 2, 2022 included allegations regarding Alex Berenson's alleged "deplatforming" in 2021 (ECF No. 45, ¶¶ 187, 309), which was publicly known in 2021, but Plaintiffs omitted any interrogatory regarding Berenson from prior interrogatories to Defendants.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following responses: Mr. Flaherty recalls participating in a meeting with Twitter employees on Zoom, in or around the Spring of 2021, at which Alex Berenson was mentioned. Mr. Flaherty recalls Andrew Slavitt also attending that meeting and he believes, but is not sure, that Lauren Culbertson from Twitter attended the meeting. Mr. Flaherty further recalls the meeting was about vaccine hesitancy and Twitter's efforts to combat disinformation and misinformation on the platform. As the meeting was ending, Mr. Flaherty recalls Mr. Slavitt expressing his view that Twitter was not enforcing its content guidelines with respect to Alex Berenson's tweets, and that employees from Twitter disagreed with that view. Mr. Flaherty also recalls that Mr. Slavitt suggested at the end of the meeting that Mr. Flaherty would follow up with Twitter employees about that subject. Mr. Flaherty does not recall following up with Twitter on the subject of Mr. Berenson, but he does recall being later called within probably a week or two by a Twitter employee, who Mr. Flaherty thinks was Todd O'Boyle, who indicated that Twitter would not be removing Mr. Berenson because Mr. Berenson had not violated Twitter policies at that time. That is the last time that Mr. Flaherty recalls discussing Mr. Berenson with employees from Twitter.

**Flaherty Interrogatory No. 18:**

**Identify every alternative channel of communication used by any Federal Official(s) for communication with any Social-Media Platform(s) other than telephone, email, or videoconference, including but not limited to any online channel(s) for reporting misinformation, "trusted flagger" portal(s), self-deleting messaging app(s), text messaging, and/or encrypted messaging program(s), among others.**

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants also object because the undefined terms "every" and "alternative channel" are vague and ambiguous.

Defendants also object to this Interrogatory as overbroad in that it appears to call for a response based on communications with Social-Media Platforms regardless of whether those communications pertain to Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery. *See* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")). Additionally, challenges to administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15,

2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports, via the definition of "Federal Official," to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Additionally, Defendants object to this Interrogatory as overbroad and disproportional to the needs of the case, particularly in light of the expedited nature of the discovery, to the extent "communication" is meant to cover anything beyond e-mail exchanges.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide the following responses: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to

Rob Flaherty and other documents produced in this litigation.

Mr. Flaherty further avers that, aside from telephone, email, and videoconference, he does not recall personally using alternative channels of communications to discuss misinformation with social media platforms while in government service.  It is Mr. Flaherty's understanding, however, that Twitter has a Partner Support Portal that the company operates to allow certain users to raise issues with their accounts and that members of his White House staff have used the Portal to report issues such as imposter accounts or problems accessing accounts. While Twitter has sent Mr. Flaherty a link to the Portal, Mr. Flaherty does not recall using the Portal himself or using any similar tool operated by other social media platforms.

**Flaherty Interrogatory No. 19:**

**Identify every Communication and Document referring or relating to the Washington Post article that You sent to a Facebook official by email on October 28, 2021, with the subject line "not even sure what to say any more," and describe in detail what You meant in sending that message and what follow-up, if any, resulted from that message.**

**OBJECTIONS:** Defendants incorporate by reference the above objections. Defendants also object because the undefined terms "referring or relating to," "describe in detail," and "follow-up" are vague and ambiguous.

Defendants also object to this Interrogatory as overbroad in that it appears to call for a response based on communications with Social-Media Platforms regardless of whether those communications pertain to Misinformation as described in the Court's July 12, 2022 order authorizing expedited discovery. *See* ECF No. 34 at 13 (authorizing discovery requests concerning "the identity of federal officials who have been and are communicating with social-media platforms about [misinformation and] any censorship or suppression of speech on social media, including the nature and content of those communications")). Additionally, challenges to

administrative agency action are ordinarily not subject to discovery outside the administrative record. *Lorion*, 470 U.S. at 743-44. Moreover, this Interrogatory is overbroad, unduly burdensome, and disproportional to the needs of the case, insofar as it purports to require a response outside the knowledge of Mr. Flaherty, where Mr. Flaherty's knowledge is the only appropriate basis for any response, given that the Court in the Memorandum Order Regarding Depositions of December 7, 2022 ordered, *inter alia*, service "upon" Mr. Flaherty of "written discovery," "in lieu of the deposition of" Mr. Flaherty. ECF No. 148 at 9.

Further, Defendants object to this Interrogatory on the ground that any discovery on the White House at this stage of the litigation is unduly burdensome and disproportional to the needs of the case. Plaintiffs have not exhausted all other avenues of discovery before seeking discovery on the White House. *See, e.g.*, Order, *Centro Presente*, No. 1:18-cv-10340 (D. Mass. May 15, 2019); *Karnoski v. Trump*, 926 F.3d 1180, 1207 (9th Cir. 2019); *Cheney*, 542 U.S. at 390. Additionally, discovery propounded on White House officials creates an undue burden, distracts them from their critical executive responsibilities, and raises separation of powers concerns. *See Cheney*, 542 U.S. at 385. That burden is especially unjustified at this stage of the litigation given that Defendants' motion to dismiss the Second Amended Complaint for lack of subject-matter jurisdiction and other deficiencies is currently pending. Additionally, Defendants object to this Interrogatory to the extent a response requires review of information protected by the presidential communications privilege or other executive privileges. *See Nixon*, 418 U.S. at 708. Because Plaintiffs are not entitled to such information, the request imposes a burden on Defendant disproportionate to the minimal benefit (if any) that Plaintiffs might derive from the possibility of responsive, non-privileged information. *See Cheney*, 542 U.S. at 389.

**RESPONSE:** Subject to and without waiving the above objections, Defendants provide

the following responses: Defendants refer Plaintiffs to the documents being produced in response to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Requests For Production to Rob Flaherty and other documents produced in this litigation.

Mr. Flaherty further avers that prior to the email referenced in this interrogatory he had engaged with Facebook employees to understand their policies concerning misinformation and disinformation and how those policies are enforced on the platform. Mr. Flaherty recalls that, prior to this referenced email, he had been asking Facebook employees for more transparent information about their algorithms and how they were promoting misinformation or disinformation and had raised questions about research from the Center for Countering Digital Hate (CCDH) indicating that a small number of users were responsible for a significant percentage of COVID-19 vaccine-related misinformation spreading on certain social media platforms, including Facebook. In response to those inquiries, Mr. Flaherty recalls Facebook employees had informed him that, while misinformation and disinformation was a problem they were taking proactive steps to address, Facebook did not share Mr. Flaherty's concerns about the scope of the problem on Facebook, and they disputed the CCDH research.  Mr. Flaherty understood the referenced article to indicate that Facebook was doing more intensive internal research into the problem of misinformation and disinformation than they had revealed in their conversations with him, and that this research confirmed that a small number of users were responsible for a significant percentage of COVID-19 vaccine-related misinformation spreading on Facebook. Mr. Flaherty recalls his October 28, 2021, email as intending to convey his frustration that Facebook employees had reportedly been less than transparent with him and the broader public about their full understanding of the problem with misinformation and disinformation on the platform.

Dated: January 5, 2023          Respectfully submitted,

BRIAN M. BOYNTON
*Principal Deputy Assistant Attorney General*

JAMES J. GILLIGAN
*Special Litigation Counsel, Federal Programs Branch*

*/s/ Adam D. Kirschner*
ADAM D. KIRSCHNER (IL Bar No. 6286601)
*Senior Trial Counsel*
KYLA SNOW (OH Bar No. 96662)
INDRANEEL SUR (D.C. Bar No. 978017)
AMANDA K. CHUZI (D.C. Bar No. 1738545)
*Trial Attorneys*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, D.C. 20005
Tel: (202) 598-3846
Adam.Kirschner@usdoj.gov

*Attorneys for Defendants*

## VERIFICATION

I, Robert R. Flaherty, pursuant to 28 U.S.C. § 1746, declare under penalty of perjury that the responses to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Interrogatories to Robert Flaherty served on December 12, 2022, contained in Defendants' Objections and Responses to Plaintiffs' First Set of Expedited Preliminary-Injunction Related Interrogatories to Robert Flaherty, are true and correct, to the best of my knowledge.

Dated: January 5, 2023

Robert R. Flaherty
Director, Office of Digital Strategy

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on January 5, 2023, a true and correct copy of the foregoing was served by email to counsel of record for Plaintiffs.

*/s/ Adam D. Kirschner*