

*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

June 14, 2023

**By ECF**
The Honorable Paul A. Engelmayer
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

Re:   *Berenson v. Biden, et al.*, No. 23 Civ. 3048 (PAE)

Dear Judge Engelmayer:

      In this action, Plaintiff purports to sue President Joseph R. Biden, Jr. in his official capacity; and Robert Flaherty, Director of Digital Strategy at the White House, and Vivek Murthy, Surgeon General of the United States, in their official and individual capacities (the "Federal Defendants"). Plaintiff in this case recently filed an affidavit of service as to each of these defendants. *See* Dkt. No. 15. We write to alert the Court that, at this time, Plaintiff has not properly served the Federal Defendants.[1]

      To serve a federal officer or employee sued in an official capacity, a plaintiff must "serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the . . . officer[] or employee." Fed. R. Civ. P. 4(i)(2). To serve a federal officer or employee sued individually, a plaintiff must "serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g) [of the Federal Rules of Civil Procedure]." Fed. R. Civ. P. 4(i)(3). Thus, in both instances, a plaintiff must serve the United States to perfect service on the federal officer or employee. To serve the United States, a plaintiff must: (1) "deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought—or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk" or "send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office," Fed. R. Civ. P.

---

[1] The Complaint also purports to bring claims against Andrew M. Slavitt, a former White House official, in both his official and personal capacity. As Mr. Slavitt has left the federal government, he has no current "official capacity." Pursuant to Federal Rule of Civil Procedure 25(d), "when a public officer who is a party in an official capacity dies, resigns, or otherwise ceases to hold office while the action is pending . . . [t]he officer's successor is automatically substituted as a party." No successor has been named for Mr. Slavitt, however, and the duties and responsibilities for which he was named as a defendant have not been reassigned. With respect to the personal capacity claims, Mr. Slavitt is represented by private counsel. The Government notes that, to the extent the Complaint asserts claims against Mr. Slavitt for actions taken in connection with the duties he performed on behalf of the United States, the service requirements of Rule 4(i)(3) apply, including the requirements of service upon the United States; an individual employee or former employee cannot waive the requirement of service upon the United States.

4(i)(1)(A); and (2) "send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.," Fed. R. Civ. P. 4(i)(1)(B).

The Federal Defendants have not been properly served in the manner required by Rule 4(i) of the Federal Rules of Civil Procedure.  Plaintiff filed an affidavit of service indicating that the complaint and summons were sent to these defendants, care of the Attorney General of the United States, by certified mail.  *See* Dkt. No. 15.  But the affidavit of service does not indicate that this Office has been served by delivering or sending by registered or certified mail a copy of the summons and complaint to this Office, and we have confirmed with the Civil Clerk's Office that it has not been served with the Complaint.  Accordingly, service is insufficient as to the Federal Defendants because the United States has not been served.  *See* Fed. R. Civ. P. 4(i)(1)(A).

This Office does not currently have authority to represent Mr. Flaherty in his individual capacity.  *See* 28 C.F.R. § 50.15(a).  The Government nonetheless notes that the affidavit of service also appears to be insufficient to establish service as to either Mr. Flaherty or Dr. Murthy in their individual capacities.  In addition to the failure to properly serve the United States, the affidavit of service does not indicate that either has been served pursuant to Rule 4(e) of the Federal Rules of Civil Procedure, as is required to effect service on a federal officer or employee sued individually.  *See* Fed. R. Civ. P. 4(i)(3).

Pursuant to Rule 12(a)(2), the government's time to respond to a Complaint brought against a federal official sued in their official capacity is "60 days after service on the United States attorney."  Pursuant to Rule 12(a)(3), a federal official sued in their individual capacity must respond to the Complaint "within 60 days after service on the officer or employee or service on the United States attorney, whichever is later."

The Government submits this letter for the limited purpose of clarifying that service has not been effected upon the United States, and that the Federal Defendants' time to respond to the Complaint has not yet begun to run.  This letter does not constitute an appearance on behalf of any of the Federal Defendants, nor does it constitute a waiver of any defenses those defendants may seek to raise, including but not limited to lack of personal jurisdiction.

We thank the Court for its consideration of this matter.

    Respectfully,

    DAMIAN WILLIAMS
    United States Attorney for the
    Southern District of New York

By:   */s/ Jeannette A. Vargas*
    JEANNETTE A. VARGAS
    ALYSSA B. O'GALLAGHER
    Assistant United States Attorneys
    Tel.:   (212) 637-2678/2822
    Email:  Jeannette.Vargas@usdoj.gov
           Alyssa.O'Gallagher@usdoj.gov