UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX BERENSON,

                      Plaintiff,

-against-

JOSEPH R BIDEN, JR., et al.,

                      Defendants.

23-CV-3048 (JGLC)

**ORDER**

JESSICA G. L. CLARKE, United States District Judge:

      Plaintiff Alex Berenson ("Plaintiff") filed this action on April 12, 2023 against Defendants Joseph R. Biden, Jr., Andrew Slavitt, Rob Flaherty, Vivek Murthy, Scott Gottlieb and Albert Bourla (collectively, "Defendants") alleging (1) violation of the First Amendment; (2) violation of the Ku Klux Klan Act, 42 U.S.C. § 1985(3); and (3) tortious interference with contract. ECF No. 1. On August 21, 2023, Defendants moved to dismiss the Complaint in its entirety, pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. ECF Nos. 38, 40, 44. On December 8, 2023, Slavitt, Gottlieb and Bourla (collectively, "Private Defendants") moved to stay nonparty discovery pending the Court's decision on the motions to dismiss. Party discovery was already stayed by agreement of the parties. ECF No. 66.

      In light of the Supreme Court's impending decisions in *Murthy v. Missouri*, No. 23-411 and *National Rifle Association v. Vullo*, No. 22-842, whose outcome will likely affect this case, the Court stays this action in its entirety. *See In re Literary Works in Elec. Databases Copyright Litig.,* No. 00-CV-6049 (GBD), 2001 WL 204212, at *3 (S.D.N.Y. Mar. 1, 2001). The Court intends to hold oral argument on the motions to dismiss in this matter following the Supreme Court's decisions in *Murthy* and *Vullo*. To that end, within one week of the Supreme Court's

decisions, the parties are directed to file a joint letter with dates they are available for oral argument.

Though disposed of by staying the matter in its entirety, the Court also considers the Private Defendant's motion to stay nonparty discovery. Courts have considerable discretion to stay discovery upon a showing of good cause. *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020); *see also* Fed. R. Civ. P. 26(c). Courts consider "(1) the breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion." *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal citation omitted).

Considering the relevant factors, a stay of third party discovery is warranted. Although the Court has yet to determine the merits of this case and declines to do so here, Defendants have moved to dismiss all of Plaintiff's claims on various compelling grounds, which weighs in favor of staying discovery. *Id*. at 73–74. The burden of producing discovery should not fall on third parties at this juncture. Plaintiff also failed to demonstrate meaningful prejudice here, pointing only to the mere possibility of documents being inadvertently lost and claiming that memories might fade (after what will likely be a short delay). Plaintiff's weak showing of prejudice is outweighed by the other factors. The Court therefore GRANTS the Private Defendants' motion to stay discovery.

The Clerk of Court is directed to terminate ECF No. 67 and to stay this case pending further order of the Court.

Dated: March 19, 2024
       New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge

3