**Davis Polk**

James P. Rouhandeh
+1 212 450 4835
rouhandeh@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

January 6, 2025

Re: *Berenson v. Biden*, No. 23-CV-3048 (JGLC) (S.D.N.Y.)

Honorable Jessica G.L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Clarke:

We represent defendants Dr. Albert Bourla and Dr. Scott Gottlieb in the referenced action, and write to apprise the Court of supplemental authority relevant to their pending motion to dismiss.

In the motion, Dr. Bourla and Dr. Gottlieb argue, among other grounds for dismissal, that plaintiff Alex Berenson fails to plead the requisite elements for his Section 1985(3) claim, including because his asserted class of unvaccinated individuals is not cognizable and because he fails to plead invidiously discriminatory animus.  *See* Dkt. No. 95 at 16–17 (citing Berenson's allegations that defendants "view[ed] COVID-19 vaccination as a life-saving measure").

On December 18, 2024, another judge in this District (Hon. Jennifer L. Rochon) dismissed a Section 1985(3) claim alleging that the defendant conspired with others to enact a mask mandate in response to COVID-19.  *Abadi v. Greyhound Lines, Inc.*, No. 23-CV-07645 (JLR), 2024 WL 5155601 (S.D.N.Y. Dec. 18, 2024).  Judge Rochon emphasized that the Second Circuit has "underscored that the class must possess 'inherited or immutable characteristics' for it to be 'sufficient to satisfy the class-based animus requirement,'" and held that the plaintiff failed to allege the requisite invidious discrimination.  *Id.* at *7 (quoting *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015)).  Specifically, the court followed *Bray v. Alexandria Women's Health Clinic*, 506 U.S. 263, 271–72 (1993), in explaining that discriminatory animus "implies that the decisionmaker . . . selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group," and reasoned that, by contrast, the "impetus" for the defendant's challenged conduct was "most fairly construed as public health concerns," rather than a desire to discriminate against the plaintiff or deprive him of a constitutional right.  *Abadi*, 2024 WL 5155601 at *8 (quotations omitted).  A copy of the decision is attached to this letter as Exhibit A.

We thank the Court for its consideration.

Respectfully submitted,

*/s/ James P. Rouhandeh*

James P. Rouhandeh

Cc:     All counsel via ECF

**Electronic Filing**