**Davis Polk**

James P. Rouhandeh
+1 212 450 4835
rouhandeh@davispolk.com

Davis Polk & Wardwell LLP
450 Lexington Avenue
New York, NY 10017
davispolk.com

March 25, 2025

Re: *Berenson v. Biden*, No. 23-CV-3048 (JGLC) (S.D.N.Y.)

Honorable Jessica G.L. Clarke
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Dear Judge Clarke:

We represent defendants Dr. Albert Bourla and Dr. Scott Gottlieb in the above-referenced action, and write in response to the March 24, 2025 letter filed by plaintiff Alex Berenson, informing the Court of two out-of-circuit decisions that, if relevant at all, provide further support to dismiss Berenson's complaint.  See ECF No. 117 (citing *Talbott v. United States*, 2025 WL 842332 (D.D.C. Mar. 18, 2025), and *Padre v. MVM, Inc.*, 2025 WL 674591 (S.D. Cal. Mar. 3, 2025)).

In *Talbott*, the court granted a preliminary injunction motion on equal protection grounds—without any mention of § 1985(3).  In doing so, the court cited controlling Supreme Court precedent for the unremarkable proposition that "a bare . . . desire to harm a politically unpopular group cannot constitute a legitimate governmental interest" for purposes of equal protection analysis.  2025 WL 842332 at *31 (quoting *U.S. Dep't of Agric. v. Moreno*, 413 U.S. 528, 534 (1973)).  That has no relevance to Berenson's § 1985(3) claim.  Far from a "desire to harm," Berenson alleges that defendants "view COVID-19 vaccination as a life-saving measure."  ECF No. 80-1 ¶ 229.  Nor does Berenson respond to the uniform—and expanding—consensus among courts nationwide that vaccination status is not a cognizable class under § 1985(3).  *See, e.g.*, ECF No. 95 at 14–16; ECF No. 109 at 3–5; ECF No. 113; ECF No. 114.

*Padre* is equally unhelpful to Berenson.  Unlike Berenson, the *Padre* plaintiffs alleged discrimination expressly based on "national origin, race, and ethnicity," and "racial and xenophobic animus."  2025 WL 674591 at *10.  Contrary to Berenson's assertion, *Padre* did not reject "defendant's objection that its 'conduct was motivated by economic interests rather than discriminatory animus'" in sustaining plaintiffs' § 1985(3) claim.  ECF No. 117 at 1 (quoting *Padre*, 2025 WL 674591 at *10 n.11).  The *Padre* court instead described allegations about the defendant's economic interests as "not necessarily relevant to the discriminatory animus element" but rather "directed at explaining Defendant's role in the conspiracy."  2025 WL 674591 at *10 n.11.  Were it otherwise, *Padre* would conflict with controlling precedent.  The Supreme Court has unequivocally held that § 1985(3) does not "reach conspiracies motivated by economic or commercial animus."  *United Brotherhood of Carpenters & Joiners of Am., Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 838 (1983).  And courts in this Circuit have consistently applied that holding.  *See, e.g.*, *Doe v. Fenchel*, 837 F. App'x 67, 68–69 & n.2 (2d Cir. 2021) (affirming dismissal where asserted motivation "for engaging in the supposed conspiracy was financial, not discriminatory"); *Roundtree v. City of New York*, 2021 WL 1667193, at *6 (S.D.N.Y. Apr. 28, 2021) (Furman, J.) (holding that allegations that "Defendants were motivated by financial interest" were insufficient to demonstrate "invidious discriminatory animus"); *Williams v. Rosenblatt Sec. Inc.*, 136 F. Supp. 3d 593, 610 (S.D.N.Y. 2015) (Koeltl, J.) ("Conspiracies with financial or commercial motivation are not covered under section 1985(3).").

**Davis Polk**

We thank the Court for its consideration.

Respectfully submitted,

*/s/ James P. Rouhandeh*

James P. Rouhandeh

Cc: All counsel via ECF

**Electronic Filing**