*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

April 16, 2025

**By ECF**
The Honorable Jessica G.L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Berenson v. Biden, et al.*, No. 23 Civ. 3048 (JGLC)

Dear Judge Clarke:

  The Office represents the Federal Defendants in the above-referenced action. I write in response to the Court's order, dated April 14, 2025, to respectfully request a three-month stay of this action. Plaintiff consents to this request; co-defendants oppose any stay as to the claims against them.

  On January 20, 2025, President Donald J. Trump issued Executive Order ("EO") 14149, "Restoring Freedom of Speech and Ending Federal Censorship," 90 Fed. Reg. 8,243 (Jan. 20, 2025), which reflects the position of the United States and provides that, among other things, "[n]o Federal department, agency, entity, officer, employee, or agent may act or use any Federal resources in a manner contrary to" § 2 of the EO, which provides in turn, among other things, in § 2(c), that "[i]t is the policy of the United States" to "ensure that no taxpayer resources are used to engage in or facilitate any conduct that would unconstitutionally abridge the free speech of any American citizen." Additionally, § 3(b) of that EO directs the Attorney General, "in consultation with the heads of executive departments and agencies," to "investigate the activities of the Federal Government over the last 4 years that are inconsistent with the purposes and policies of this order and prepare a report to be submitted to the President . . . with recommendations for appropriate remedial actions to be taken based on the findings of the report."

  Good cause supports the Federal Defendants' stay request for at least two reasons. First, new leadership at the Department of Justice is continuing to develop, and give full consideration to, its position in this case with respect to the official capacity defendants in light of EO 14149. Moreover, the report directed by the EO, and recommendations contained in that report, will be highly relevant to the Department's determination. Accordingly, the Federal Defendants seek to stay this case for three months so as to provide more time for the Attorney General to complete her investigation and report and for new leadership at the Department to determine its position as to the official capacity defendants. *See Missouri, et al. v. Biden, et al.*, No. 22 Civ. 1213 (TAD), Dkt. No. 436 (W.D. La. Mar. 26, 2025) (granting a similar request for a three-month stay under similar circumstances).

  Second, a stay would not only allow the Department to determine its position as to the official capacity defendants, but it would also allow the individual capacity defendants time to

assess whether this position, once determined, would require them to consider retaining separate counsel. *See Bueno v. Allcity Med., P.C.*, No. 22 Civ. 2216 (JGLC) (KHP), 2023 WL 7001398, at *3 (S.D.N.Y. Oct. 17, 2023) ("Courts often find it appropriate to grant a short stay in order to alleviate any possible prejudice to the client whose counsel is withdrawing and allow the client time to find new counsel.").

Furthermore, all of the factors courts typically consider in determining whether to exercise their discretion weigh in favor of entering a stay here. *See Jiminez v. Credit One Bank, N.A.*, 377 F. Supp. 3d 324, 336 (S.D.N.Y. 2019*)* (explaining that courts should consider "(1) the private interests of the plaintiffs in proceeding expeditiously with the civil ligation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest" (citation and internal quotation marks omitted)).  Indeed, Plaintiff will not be prejudiced by the limited stay the Government requests, as demonstrate by his consent to the Federal Defendants' request.  And, as explained above, it would be burdensome for the Federal Defendants to continue to litigate this case while the Department determines its position as to the official capacity defendants and addresses any potential issues with respect to the individual capacity defendants that may arise from that position.  In addition, it is in the interest of the Court, non-parties, and the public alike to allow the Department a limited period to determine its position as to the official capacity claims going forward prior to proceeding with a litigation seeking a forward-looking injunction against the official capacity defendants.

Accordingly, for the foregoing reasons, the Federal Defendants respectfully request that the Court stay this action for three months and propose submitting a status report one week prior to the expiration of the requested stay.

I thank the Court for its consideration of this request.

        Respectfully,

        MATTHEW PODOLSKY
        Acting United States Attorney for the
        Southern District of New York

By:    */s/ Alyssa B. O'Gallagher*
        ALYSSA B. O'GALLAGHER
        Assistant United States Attorney
        Tel.:  (212) 637-2822
        Email:  Alyssa.O'Gallagher@usdoj.gov