UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ALEX BERENSON,

                Plaintiff,

-against-

JOSEPH R. BIDEN, JR., et al.,

                Defendants.

23-CV-3048 (JGLC)

**OPINION AND ORDER**

JESSICA G. L. CLARKE, United States District Judge:

    Plaintiff Alex Berenson is a journalist who reported on the COVID-19 vaccines during 2020 and 2021 via his Twitter account and personal blog. In doing so, Plaintiff expressed skepticism about, and objections to, the vaccines and governmental mandates during the pandemic. He alleges that because of the critical nature of his work, former President Biden and others in his administration, along with executives at Pfizer Inc. (the makers of one of the mRNA COVID-19 vaccines), worked together to pressure Twitter (now known as "X") to suspend Plaintiff's account. Plaintiff claims this conduct amounted to a censorship conspiracy that violated his First Amendment rights.

    All defendants sought to dismiss this action. However, in April 2025, the federal defendants sought a temporary stay in order to assess their position in the wake of the 2024 presidential election, and the issuance of certain executive orders by the current administration. The Court granted the stay as to the federal defendants, but indicated it would render a decision on the motions to dismiss filed by the remaining defendants.

    On July 14, 2025, the Court issued an opinion and order granting the motions to dismiss of individual defendants Andrew Slavitt (former White House senior advisor), and Scott Gottlieb and Albert Bourla (both executives at Pfizer, and together with Slavitt, the "Non-Stayed

Defendants"). The Court dismissed Plaintiff's Section 1985 claim against the Non-Stayed Defendants because Plaintiff failed to plausibly allege discriminatory animus or that he belonged to a cognizable protected class, and dismissed the tortious interference claims because Plaintiff did not allege an underlying breach of Twitter's Terms of Service. The Court also dismissed Plaintiff's First Amendment claim against Slavitt because *Bivens* has never been extended to an action like this one, and the Supreme Court has strongly instructed against further extensions.

The Court, however, expressly reserved decision on the federal defendants' motion to dismiss in light of the temporary stay. Now that the prior stay has been lifted, the federal defendants ask this Court to grant their motion to dismiss based on the Court's recent ruling and the arguments raised in their motion to dismiss.

As set forth below, the federal defendants' motion to dismiss is GRANTED. Consistent with this Court's prior holding, Plaintiff lacks standing to assert a First Amendment claim against both the federal individual and official capacity defendants because he cannot obtain equitable relief or *Bivens* monetary damages. Plaintiff also fails to state a claim under 42 U.S.C. § 1985(3) for similar reasons as those stated in the Court's prior decision in this case: namely, that he has not plausibly alleged the existence of, or his belonging to, a cognizable protected class. Any further amendment would be futile, and therefore Plaintiff is denied leave to amend.

## BACKGROUND

### I. Factual Background

Given the recency of the Court's order on the Non-Stayed Defendants' motion to dismiss, the Court assumes the parties' familiarity with the underlying facts and allegations. *See Berenson v. Biden*, No. 23-CV-3048 (JGLC) ("*Berenson I*"), 2025 WL 1928094, at *1–12 (S.D.N.Y. July 14, 2025). By way of brief summary, Plaintiff Alex Berenson is an independent journalist and

author. ECF No. 80-1 ("PFAC") ¶ 39. He publishes commentary on the websites Twitter and Substack, and wrote a book regarding the public policy response to the COVID-19 pandemic. *Id*. Berenson asserts that former members of the Biden Administration corresponded with employees at Twitter to censor, suspend, or terminate Berenson's account as the result of his reporting on COVID-19 vaccines, tracing, and mask mandates. *See generally Berenson I*, 2025 WL 1928094, at *2–12. Twitter had instituted a five-strike policy rule for tweets that violated its COVID-19 Misinformation Policy. Berenson alleges these officials engaged in a "public pressure campaign" to coerce Twitter into censoring speech that was critical of vaccines by, among other things, having a closed-door meeting with Twitter, corresponding directly with Twitter executives regarding certain of Berenson's tweets, and making public statements about Section 230 of the CDA, which, according to Berenson, could be interpreted as threatening heightened liability for social media companies. *Id.* Berenson also points to certain conversations he had with Twitter executives who gave him "assurances" that his activity generally did not run afoul of their content moderation policies, and alleges that he relied on those assurances in continuing to tweet his reporting. *Id.*

Berenson was suspended after receiving his fifth strike per the Twitter policy; however, Twitter subsequently admitted that he should not have been suspended. *Id*. Berenson subsequently filed this suit, alleging he was harmed because, among other things, the suspension caused him to lose prior posts and tweets, and he lost the ability to communicate with his followers. Berenson also filed a separate lawsuit against Twitter in California federal court. *See Berenson v. Twitter, Inc.*, No. 21-CV-9818 (WHA) (N.D. Cal. Dec. 20, 2021), ECF No. 1.

## II.     Remaining Parties and Claims

The Court clarifies the remaining parties[1] and claims in this action. Due to the dismissal of the Non-Stayed Defendants, two categories of defendants remain: the federal *official* capacity defendants, and the federal *individual* capacity defendants.

Defendant Joseph R. Biden, Jr., is the former-President of the United States, and has been sued only in his official capacity. PFAC ¶ 40. Former President Biden has automatically been replaced in his official capacity as a defendant in this case with President Donald J. Trump, pursuant to Rule 25 of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 25(d); ECF No. 131 n.2.

Defendant Rob Flaherty was the Director of Digital Strategy at the White House. PFAC ¶ 42. Defendant Christian L. Tom then replaced Flaherty in his official capacity as a defendant. ECF No. 30.[2] Defendant Tom is no longer the Director of the White House Office of Digital Strategy and does not appear to have been replaced by any individual in the Trump Administration. Therefore, Flaherty is now sued only in his individual capacity, PFAC ¶ 42, and the United States of America replaces Mr. Flaherty in his official capacity as a defendant. ECF No. 30.

---

[1] Given the change in administration since this action was first filed, Federal Rule of Civil Procedure 25(d) requires substitutions of any Defendant sued in their official capacity. Rule 25 enacts these substitutions automatically. *See* FED. R. CIV. P. 25(d); *Karcher v. May*, 484 U.S. 72, 83 (1987) (observing that Rule 25 is "designed to prevent suits involving public officers from becoming moot due to personnel changes.").

[2] Pursuant to Federal Rule of Civil Procedure 25(d), Tom was substituted as the successor for Flaherty in his official capacity as Director of Digital Strategy at the White House, because Flaherty no longer holds that position and is no longer employed in any capacity by the United States Government. ECF No. 30 at 1. Accordingly, there is no official capacity claim pending against Flaherty.

Defendant Vivek Murthy, M.D., is the former Surgeon General of the United States. PFAC ¶ 43. He is sued in his individual capacity. *Id*. Denise Hinton, who is the acting deputy U.S. Surgeon General, replaces Murthy in his official capacity as defendant pursuant to FRCP 25.

Therefore, the federal *official* capacity defendants (the "Official Federal Defendants") are: (1) President Donald J. Trump; (2) Deputy U.S. Surgeon General, Rear Admiral Denise Hinton; and (3) the United States of America. The federal *individual* capacity defendants (the "Individual Federal Defendants" and together with the Official Federal Defendants, the "Federal Defendants") are: (1) Robert Flaherty and (2) Dr. Vivek Murthy.

Two of Plaintiff's claims remain against the Federal Defendants: (i) that they conspired to censor his speech in violation of the First Amendment; and (ii) they conspired to take discriminatory action against him based on his belonging to the protected class of unvaccinated person in violation of Section 1985(3).[3]

### III.   Procedural History

The Court similarly assumes the parties' familiarity with the procedural history as set out in *Berenson I*, *see* 2025 WL 1928094 at *11, and therefore provides only a short summary of this case's history. Berenson originally filed this action on April 12, 2023. ECF No. 3 ("Compl."). The original complaint alleges a violation of the First Amendment and the Ku Klux Klan Act, 42 U.S.C. § 1985(3) ("Section 1985"), as well as a claim for tortious interference. Compl. ¶¶ 188–217. The Complaint sought a declaratory judgment that Defendants violated Berenson's First

---

[3] Plaintiff only asserted tortious interference against the Non-Stayed Defendants, and so that claim has been dismissed from this case. *See Berenson I*, 2025 WL 1928094 at *11.

Amendment rights, an injunction preventing further violations, and a variety of damages along with attorneys' fees and costs. *Id.* at 69.

On August 21, 2023, all Defendants moved to dismiss the original complaint. ECF Nos. 38, 40, 44. On March 19, 2024, the Court stayed the entire action due to the pendency of two cases before the Supreme Court: *Murthy v. Missouri*, No. 23-411, and *National Rifle Association v. Vullo*, No. 22-842. ECF No. 71. *Murthy* and *NRA* involved nearly identical issues with respect to Berenson's First Amendment claims, and were therefore highly likely to affect the outcome of the instant case. *Id.*

On September 4, 2024, Plaintiff moved for leave to file an amended complaint. ECF No. 80. The Proposed First Amended Complaint asserts the same causes of action as the original complaint. PFAC ¶¶ 238–267. The Federal Defendants filed a renewed motion to dismiss on October 11, 2024. ECF Nos. 97, 98 ("Fed. Defs. MTD"). Plaintiff filed an opposition on November 15, 2024. ECF Nos. 102 ("Opp. to Fed. Defs."). The Federal Defendants timely filed a reply in further support of the renewed motion. ECF No. 110 ("Fed. Defs. Reply").

On January 20, 2025 (the first day of the new and current administration), President Trump issued Executive Order Number 14,149 titled "Restoring Freedom of Speech and Ending Federal Censorship." *See Restoring Freedom of Speech and Ending Federal Censorship Executive Order*, 90 Fed. Reg. 8243 (Jan. 28, 2025). As a result, on April 16, 2025, the Federal Defendants filed a letter motion requesting a temporary stay of the case for three months to assess their position. ECF No. 122. Plaintiff consented to the requested stay. *Id.* After hearing the parties' positions at an April 23, 2025 conference, the Court granted a temporary stay of this action as to the Federal Defendants only. ECF No. 126. The Federal Defendants have not sought to extend the stay, and now ask this Court to dismiss all claims against them. ECF No. 131.

## DISCUSSION

The Federal Defendants seek dismissal of the First Amendment claim[4] against them for substantially similar reasons as those underlying the *Berenson I* decision: namely, that Plaintiff lacks standing to sustain any such claim. As set forth below, the Court follows the reasoning of *Berenson I* and holds that Plaintiff lacks standing to assert a First Amendment claim against the Federal Defendants. The Court also holds that Plaintiff cannot state a Section 1985 claim against the Federal Defendants because he fails to plausibly allege the existence of, and his belonging to, a protected class recognized under this statute.

In light of this Order and *Berenson I*, the Court need not, and therefore declines to address, the following asserted grounds for dismissal raised by the Federal Defendants: (1) the Individual Federal Defendants are entitled to qualified immunity in their individual capacities for the First Amendment and Section 1985 claims; (2) the separation of powers doctrine would require dismissal against President Trump; and (3) the *Bivens* claim against the Individual Federal Defendants should be dismissed for failure to state a claim.

**I.   Berenson Lacks Standing to Assert a First Amendment Claim Against the Federal Defendants**

Count I of the Complaint and PFAC asserts a violation of the First Amendment against the Federal Defendants. PFAC ¶¶ 238–249. Plaintiff asserts that the Federal Defendants "created an atmosphere of censorship to facilitate [his] suspension from Twitter," and specifically targeted his "constitutionally protected speech." *Id.* ¶¶ 241, 242. The Federal Defendants seek dismissal

---

[4] Due to Executive Order 14,149 (as described above), the Federal Defendants informed the Court they intend to abandon Section III of their memorandum (Fed. Defs. MTD at 23–30) challenging the plausibility of Plaintiff's First Amendment claim on the merits. ECF No. 131 at 1–2. These arguments will thus not be considered and deemed conceded.

of the First Amendment claim by arguing that Berenson lacks Article III standing. *See* Fed. Defs. MTD. at 11–20.

Our Constitution limits federal courts to hearing only certain "Cases" and "Controversies." U.S. CONST. art. III, § 2. The Supreme Court has explained that "no principle is more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 337 (2016) (quoting *Raines v. Byrd*, 521 U.S. 811, 818 (1997)). "If [a] plaintiff[] lack[s] Article III standing, a court has no subject matter jurisdiction to hear their claim." *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck–Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005). To establish standing, a plaintiff "must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc.*, 578 U.S. at 338 (internal citation omitted). The plaintiff bears the burden of establishing these elements. *Id*.

The Federal Defendants argue that Plaintiff lacks standing because, among other things, he fails to allege a substantial risk of future injury traceable to them. Fed. Defs. MTD at 16–18. Plaintiff disagrees, pointing to the alleged "White House tour retaliation" and the pre-discovery posture of this case, meaning he need not "literally" demonstrate that the alleged potential future injuries will actually come to pass. Opp. to Fed. Defs. at 28–29. The Court agrees with the Federal Defendants, and following the reasoning in *Berenson I*, finds that Plaintiff lacks standing to assert a First Amendment claim against them.

First, the Individual Federal Defendants (Flaherty and Murthy), are now private citizens. Plaintiff therefore lacks standing to assert a claim against them for the same reasons and rationale the Court identified in dismissing Plaintiff's claim against Slavitt—namely, the fact that the

Court cannot enjoin private citizens from violating another private citizen's constitutional rights, and Plaintiff cannot obtain *Bivens* monetary damages because that cause of action has not been extended to these circumstances (and the Supreme Court has strongly counseled against any such extensions). *Berenson I*, 2025 WL 1928094, at *13–16.

Second, while Official Federal Defendants effectively concede an underlying First Amendment violation (ECF No. 131), Plaintiff lacks standing for declaratory and injunctive relief because he has not plausibly alleged a "substantial risk" of imminent future injury. Where, as here, a plaintiff seeks injunctive or declaratory relief, they "must carry the burden of establishing that [they] sustained or [are] immediately in danger of sustaining some direct injury." *Shain v. Ellison*, 356 F.3d 211, 215 (2d Cir. 2004) (cleaned up); *see also Marcavage v. City of New York*, 689 F.3d 98, 103 (2d Cir. 2012) (stating that a plaintiff must demonstrate a "certainly impending" future injury to obtain prospective relief such as declaratory judgment or an injunction). "In doing this, he cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he will be injured in the future." *Id.* (citing *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)) (cleaned up).

Aside from pure speculation about future injury, Plaintiff only points to the former Biden Administration's denial of his request to tour the White House. Opp. to Fed. Defs. at 28–29. But Plaintiff does not plausibly allege, and instead merely assumes, that the Biden Administration denied his tour request because of some lingering grudge regarding his COVID-19 reporting. Even assuming the tour denial was in fact retaliatory, the allegation does not plausibly raise an inference of potential future censorship of Plaintiff's Twitter account, which has since been restored. It therefore cannot be said that Plaintiff has plausibly alleged future or threatened injury that is "certainly impending." *See Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014);

9

*Marcavage*, 689 F.3d 98 at 103 (concluding that plaintiffs lacked standing to pursue equitable claims because they failed to demonstrate "a certainly impending future injury[.]").

Third, as discussed at length in *Berenson I*, the Court declines to extend *Bivens* to the instant case. As explained, there is certainly "at least some 'reason to think that judicial intervention into' social media regulation would be inappropriate," particularly given the Supreme Court's recent recognition of the rights of federal officials to espouse non-neutral viewpoints. *Berenson*, 2025 WL 1928094, at *16 (S.D.N.Y. July 14, 2025) (quoting *Egbert v. Boule*, 596 U.S. 482, 496 (2022)); *see also Nat'l Rifle Ass'n of Am. v. Vullo*, 602 U.S. 175, 188 (2024) ("A government official can share her views freely and criticize particular beliefs, and she can do so forcefully in the hopes of persuading others to follow her lead."). The Supreme Court's admonishment against extending *Bivens* applies with equal force here, and the Court sees no reason to reconsider its prior ruling as to the Official Federal Defendants.

Accordingly, Plaintiff cannot assert his First Amendment claim against the Federal Defendants, and it is dismissed with prejudice.

### IV.     Berenson Fails to State a Section 1985(3) Claim Against the Federal Defendants

The Federal Defendants also move to dismiss the Section 1985(3) cause of action for failure to state a claim. For the same reasons discussed in *Berenson I*, the Court dismisses the Section 1985 claim against the Federal Defendants because Plaintiff has not plausibly alleged the existence of, or his belonging to, a recognized protected class under the statute. *Berenson I*, 2025 WL 1928094, at *17–19. Without Plaintiff's membership in a recognized protected class, the Section 1985 claim fails, and the Court therefore need not specifically address or analyze "discriminatory animus" as to the Federal Defendants (an analysis which would largely follow the rationale in *Berenson I*). *See Alli v. City of New York*, No. 21-CV-4767 (PGG), 2022 WL

4484624, at *2, n.5 (S.D.N.Y. Sept. 27, 2022) (*sua sponte* dismissing Section 1985 claim where plaintiff failed to plead facts demonstrating he was a member of a recognized protected class); *Dolan v. Connolly*, 794 F.3d 290, 296 (2d. Cir. 2015) (affirming dismissal of Section 1985 claim because plaintiff failed to allege membership in a class protected by the statute).

Accordingly, the Court dismisses the 42 U.S.C. § 1985(3) cause of action as to the Federal Defendants in both their individual and official capacities.

## CONCLUSION

For the foregoing reasons, the Federal Defendants' motions to dismiss is GRANTED. The Clerk of Court is directed to terminate ECF Nos. 80, 98, and 115, and to CLOSE this case.

Dated: September 29, 2025
New York, New York

SO ORDERED.

*Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge